# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 17-299 |
| | ) | |
| JAMES TARIC BYRD, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

On May 2, 2019, the undersigned held a hearing to determine whether the period of delay since the Court ordered Defendant James Taric Byrd ("Defendant") be transported to a suitable facility for treatment and psychological and psychiatric treatment is reasonable, and therefore excludable, under 18 U.S.C. § 3161, the Speedy Trial Act (the "Act"). Defendant was committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d) on February 26, 2019. (Doc. 63.)

At the hearing, the Government presented evidence through multiple witnesses that the delay in transporting Defendant was not due to any failure by the Government, the U.S. Marshals Service, or the Bureau of Prisons. Rather, all entities charged with facilitating the safe and timely transport of Defendant have been working diligently to transport him to the appropriate facility identified, namely the Federal Medical Center at Butner ("FMC Butner"). The Government's witnesses stated that Defendant will be transported during the week of May 27, 2019, and the latest date he will arrive at FMC Butner is May 31, 2019.

Defendant's counsel argued that the Government's evidence is insufficient to exclude any time under the Act, as it demonstrates only that the delay is the result of systemic failures and runs counter to the Congressional directive that transportation of defendants be completed within

1

ten days.  See 18 U.S.C. § 3161(h)(1)(F).  Defendant's counsel urged that while the delay in this case is "normal" in that it occurs regularly and to others as well, it cannot be reasonable because such a delay demonstrates a failure of the system to respond adequately and promptly to the needs of mentally-ill defendants.  Defendant's counsel also argued that the Court should defer ruling on this issue until after Defendant has been transported to FMC Butner.

In United States v.Turner, the Court of Appeal for the Sixth Circuit held that while the presumptive unreasonableness of a transportation delay in excess of ten days could not be rebutted by "vague" evidence of transportation difficulties, "[i]f legitimate problems arise in transporting a defendant, the government legitimately may rebut the presumption."  602 F.3d 778, 783 (6th Cir. 2010) (discussing the automatic exclusion under 18 U.S.C. § 3161(h)(1)(F)).  In the instant case, the Court finds that the Government has presented ample, concrete evidence of legitimate problems in transporting Defendant to FMC Butner.  Specifically, the Government offered evidence that severe issues of understaffing at the Bureau of Prison's Office of Medical Designations and Transportation and a lack of bed space at the two facilities tasked with completing mental health evaluations pursuant to 18 U.S.C. § 4241(d) are the causes of the delay in this case.  Unfortunately, these institutional causes for delay were characterized as "routine" and "typical" by Jason Byham, the United States Marshal familiar with Defendant's case.

While the Court agrees with Defendant's counsel that such delays are regrettable, the undersigned nonetheless finds that the entire period of time from February 26, 2019—when Defendant was committed to the custody of the Attorney General—until May 31, 2019—the latest date by which Defendant is due to arrive at FMC Butner—is excludable pursuant to 18

U.S.C. § 3161(h)(1)(F).[1] Despite the legitimate problems created by issues in their institutions, the diligent work of all persons and entities responsible for the safe transportation of this Defendant to the facility most appropriate to treat him is sufficient to overcome the presumption of unreasonableness in section 3161(h)(1)(F).

The Court notes Defendant's objection that a ruling on excludability under section 3161(h)(1)(F) at this time "would remove any incentive the government has to ensure Mr. Byrd's timely transport, evaluation, and treatment." (Doc. 71 at 4.) However, based on the evidence presented at the hearing, the Court disagrees. Testimony offered by the Government demonstrated that, at this juncture, the delay in transporting Mr. Byrd is due *solely* to the lack of available bed space at FMC Butner—there is no way for his transport to be sped up.[2] The Government's witnesses also stated that the latest possible date for his transport is May 31st and the Court's ruling holds the Government to that date. If Defendant does not arrive at FMC Butner by May 31st, any time consumed in excess of that date shall be designated as presumptively unreasonable.

---

[1] Should Defendant arrive at FMC Butner prior to May 31st, the excludable time for transport shall end on that earlier date of arrival.

[2] Alyssa Givens of the U.S. Marshals Service's Justice Prisoner & Alien Transport System ("JPATS") testified that no priority is given to any particular defendants after a request for movement is received. Rather, JPATS moves prisoners on a "first come, first served" basis. In this case, JPATS received the request to transport Defendant to FMC Butner on April 1, 2019. While Defendant's arrival date at FMC Butner has moved up a week since that time, Ms. Givens testified that the change in date was due not to Defendant moving ahead in the line, but rather to the line getting shorter because of changes in the needs of other federal prisoners. Consistent with Ms. Givens's testimony, Jason Byham, a United States Marshal in this District familiar with Defendant's case, testified that in mid-April there was nothing he was able to do to speed up Defendant's transfer to FMC Butner. Rather, the issue was the lack of available bed space at FMC Butner. (See also Doc. 77 at 4 (e-mail from Mr. Byham dated April 12th regarding lack of availability of beds for Defendant).)

Alternatively, the Court finds that the same period of time, from February 26, 2019 to May 31, 2019, is excludable as the ends of justice served by granting a continuance outweigh the best interests of the public and Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). In considering whether to grant a continuance under section 3161(h)(7)(A), the Court must consider the factors in 3161(h)(7)(B), including "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." Id. § 3161(h)(7)(B)(i). In this case, the earliest date for Defendant's arrival at FMC Butner identified by the Government is May 27th. By then, 90 days would have elapsed since the Court committed Defendant to the custody of the Attorney General, violating the directive of section 3161(c)(1) that Defendant be tried timely. If Defendant's right to a speedy trial is violated, the Indictment in this case must be dismissed. 18 U.S.C. § 3162(a)(2). Under these circumstances, the Court finds that its failure to grant a continuance pursuant to 3161(h)(7)(A) would make the continuation of this proceeding impossible, resulting in a miscarriage of justice. Thus, the ends of justice require exclusion.

    IT IS SO ORDERED.

May 6, 2019
                                                     s/Cathy Bissoon
                                                     Cathy Bissoon
                                                     United States District Judge

cc (via ECF email notification):

All Counsel of Record