IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 17-299 |
| | ) | |
| JAMES TARIC BYRD, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant's Motion (Doc. 112) for permission to access flash drives and for printing capabilities at the Allegheny County Jail ("the ACJ") will be denied, as follows.

Typically, when a defendant seeks permission to use a laptop at the ACJ, it is to review discovery; and the Court enters an order directing: "Defendant may access a computer for purposes of reviewing discovery while he is incarcerated at Allegheny County Jail, provided that his use of the computer is consistent with all the rules of the jail."  This Defendant, like any other, has a legitimate basis for having such permission; and, indeed, such an order already was entered on Defendant's behalf, when he was represented by counsel. See Order dated January 5, 2018 (Doc. 31).

There is no indication that Defendant has been deprived of this benefit, as his Motion states that he has a laptop computer that he uses in the facility. (Motion at ¶ 12.)  Further, the Government's Response ("Response," Doc. 114) is consistent, noting Defendant has been provided with discovery and the technology to review it. (Response at 1–2 (noting Defendant's review of discovery materials on a laptop).)

Rather, Defendant's Motion relates only to his use of flash drives and his inability to print case law and legal materials, pleadings, and other filings. (See, e.g., Motion at ¶¶ 13–14.) Specifically, Defendant argues that meaningful access to the courts requires he be given standing permission to print any legal documents and to use flash drives. (Id. at ¶¶ 12–14.) He identifies members of ACJ staff and a lawyer employed by this District's Federal Public Defender, Elisa Long, as persons who with "assist" him with "obtaining caselaw." (Id. at ¶¶ 14–15.)

Defendant, however, is already receiving all that he is entitled to under the law. Prisoner-litigants enjoy no constitutional right to access a printer or printing capabilities. Duenes v. Wainwright, 2017 WL 6210904, *3 (W.D. Tex. Dec. 7, 2017) ("[B]ecause prisoners have no federal constitutional right to possess a typewriter, they logically do not have a constitutional right to a computer [or printer].") (collecting cases). Moreover, as noted by the Government, Defendant's request for printing may implicate safety concerns at the ACJ related to possession of paper soaked in narcotics. (Response at 3.) The Court will not take a position inconsistent with ACJ policies, procedures, or regulations with respect to issues of safety.

Bigger-picture, Defendant's dissatisfaction with the limitations he is facing as a *pro se* litigant are precisely what the Court warned him about at the time he requested to proceed without counsel. The Court specifically required Defendant to acknowledge, and he did, that "given [his] incarceration status, there may be limitations regarding [his] access to legal and other materials, as compared to an appointed attorney." Furthermore, all attorneys from the Federal Public Defender have been relieved of representation of Defendant, and, consistent with this Court's Order may not assist him with "obtaining caselaw" or any other legal work or tasks related to this case. (Doc. 108.)

If Defendant is dissatisfied with the acknowledged restrictions resulting from his decision to waive his Constitutional right to legal representation, that issue certainly may be revisited.[1] However, at this juncture, the Court finds Defendant's Motion has presented no evidence that his right of meaningful access to the courts is being infringed upon, and thus, his Motion to Access Legal Materials, (Doc. 112), is DENIED.

IT IS SO ORDERED.

February 10, 2020

s\Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via First-Class U.S. Mail):

James Taric Byrd
USMS 38757068
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219

cc (via ECF email notification):

All Counsel of Record

---

[1] Should Defendant reconsider his decision to proceed *pro se*, he may file a motion for the full-appointment of counsel.

3