IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 17-299 |
| v. ) | |
| ) | Judge Cathy Bissoon |
| JAMES TARIC BYRD, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM ORDER

Defendant's Motion *in Limine* ("MIL") (Doc. 219 as supplemented by Doc. 247) is resolved as follows.

The request to exclude witness testimony that Defendant "regularly possessed firearms including a black handgun like the one charged in the indictment and a bulletproof vest like the one found in his vehicle when he was arrested, and that he regularly sold controlled substances prior to February 23, 2015" (Doc. 219, at 1) is GRANTED IN PART and DENIED IN PART. The Motion is granted to the extent the Government seeks to use such evidence simply to demonstrate that Defendant had "an interest in guns." Whether or not Defendant had an interest in guns is impermissible propensity evidence under Rule 404(b). Testimony, however, that Defendant regularly possessed a black handgun similar to the gun found in the vehicle on February 23, 2015, may be relevant for non-propensity purposes such as motive, knowledge or intent. For example, such testimony could make it more likely that Defendant knew the firearm was in the truck and less likely that another individual placed it there without Defendant's knowledge. Similarly, the testimony that Defendant regularly carried firearms and a bulletproof vest may be admissible "tools of the trade" evidence relevant to the charged drug-trafficking offense. Because the exact content of this anticipated testimony is unknown, Defendant's

Motion to exclude it is denied without prejudice to his counsel's ability to object to specific testimony when and if introduced at trial.

The request to exclude Exhibits G-10 and G-11 (excerpt of a recording of a jail visit between Defendant and witness DH, and transcript of that recording, in which Defendant admits possessing a different gun, *see* Doc. 249-1) is GRANTED in part as follows.  The Government has clarified that the recorded conversation refers to an incident that occurred months ***after*** the February 23, 2015 events that led to the charges in this case.  (Doc. 254).  Whether or not Defendant possessed a gun months after his arrest, however, is not relevant to show knowledge, intent or motive on February 23, 2015, or for any other permissible purpose.  To the extent the exhibits show that Defendant had an "interest in guns," that again is impermissible propensity evidence.  In addition, even if this after-the-fact evidence is relevant, its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues and is inadmissible for this reason as well.  To the extent, however, the Government seeks to use Exhibits G-10 and/or G-11 to refute a credibility attack on DH or otherwise corroborate DH's anticipated testimony, the Court reserves ruling on that issue until DH's questioning at trial.

The request to exclude Exhibits G-44 to G-71 and G-90 to G-91 is DENIED for the reasons the Government sets forth in detail in the chart attached as Exhibit B to its Response to Defendant's Supplement to Motion in Limine (Doc. 249-2).  For the reasons set forth above, however, the Government may not introduce these exhibits to establish that Defendant had an "interest in guns."  This denial is without prejudice to defense counsel's ability to raise more specific objections to these exhibits and related testimony when and if introduced at trial.

The request to exclude Exhibits G72 to G76 and G84 to G89 is GRANTED.  Based on the descriptions set forth in Exhibit B to the Government's Supplemental Response (Doc. 249-2),

these MMS messages were sent **to**, not from, Defendant, and they contain pictures of various firearms, none of which are the firearm found in the F-150 on the date of Defendant's arrest, and none of which depict Defendant possessing them.  *See also* Doc. 233-8 (copies of some of the photos).  The Government states that the photographs "tend to indicate the defendant's interest in firearms" and could reasonably be interpreted as an indication of firearms the sender of the MMS had for sale.  (Doc. 249-2).  Whether or not Defendant had an interest in guns, however, is impermissible propensity evidence under Rule 404(b).[1]

The request to exclude Exhibits G-100 to G-112 is DENIED.  According to the Government, Exhibit G-100 is an extraction report prepared by Allegheny County Police containing communications to and from Defendant and witness FV.  The text messages, as described by the Government, would be relevant to show Defendant's identity as the user of a certain cell phone and the author of certain text messages; to corroborate FV's expected testimony; and to show a motive for possessing the firearm at issue (*i.e.*, to threaten FV). According to the Government, Exhibits G-101 to G-112 are recordings of threatening voicemail messages left by Defendant on FV's cell phone and transcripts of those messages.  Taking the Government's representations as true, these exhibits could be relevant to show Defendant's knowing possession of a firearm on the date in question; to corroborate FV's testimony; and to show a motive to possess a firearm (to threaten FV and her family).  The probative value is not outweighed by a danger of unfair prejudice.  This denial is without prejudice to defense counsel's ability to make specific objections as appropriate at trial.

---

[1] Defendant's Supplemental Motion also seeks to exclude Exhibits G77 to G79 and G93 to G99 (Doc. 247 at 1-2).  None of the filings, however, describe the specific contents of these exhibits.  Based on the Proposed Exhibit List provided to the Court, it appears the Government does not intend to introduce the exhibits at trial, and the Court makes no ruling on their admissibility here.

The request to exclude Exhibits G-80 to G-83 is DENIED AS MOOT. Defendant no longer objects to the admission of these exhibits. (Doc 249-2).

The request to exclude Exhibits G-92 and G-201 is DENIED AS MOOT. The Government no longer plans to introduce this evidence. (Doc. 249).

**IT IS SO ORDERED**.

July 13, 2022                                             s/Cathy Bissoon
                                                         Cathy Bissoon
cc (via ECF email notification):                         United States District Judge
All Counsel of Record