IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 17-299 |
| v. ) | |
| ) | Judge Cathy Bissoon |
| JAMES TARIC BYRD, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

In response to Defendant's "Objection to and Request for Clarification of Memorandum Order" (Doc. 258, as corrected by Doc. 259), relating to the Court's Order granting in part and denying in part Defendant's Motion *in Limine* ("Order") (Doc. 257), the Court clarifies as follows:

<u>Testimony that Defendant regularly sold drugs.</u>  In its Order, the Court addressed the proposed government witness testimony that Defendant challenged in his MIL, including testimony that Defendant "regularly sold controlled substances prior to February 23, 2015." (Doc. 257, at 1-2).  Specifically, the Court granted the MIL insofar as the Government seeks to use witness testimony to demonstrate that Defendant had "an interest in guns," and denied it without prejudice in all other respects.  <u>Id</u>.  To the extent Defendant seeks further clarification regarding proposed testimony that Defendant "regularly sold controlled substances," the Court notes that courts within this Circuit routinely have held that such evidence is admissible for non-propensity purposes such as knowledge, intent, motive, and absence of mistake.  <u>See, e.g.</u> <u>United States v. Jackson</u>, 619 F. App'x 189, 193 (3d Cir. 2015) (collecting cases and noting "[w]e have held that evidence of past distribution is relevant to prove intent to distribute in a later distribution trial, even to the extent of admitting prior convictions as well as uncharged conduct").  In this case, where Defendant's knowledge and intent to distribute narcotics are

directly at issue, the probative value of such evidence is not outweighed by any inherent danger of unfair prejudice. Again, because the exact content and context of the anticipated witness testimony are not fully known, defense counsel may raise appropriate objections to specific testimony at trial. If admitted, the Court will provide a proper limiting instruction upon request. *See* United States v. Caldwell, 760 F.3d 267, 277-78 (3d Cir. 2014).

    2.    <u>Exhibits G-101 to 112.</u>  Defendant admits that he mistakenly asserted that the Order failed to consider his request to exclude Exhibits G-101 to G-112. (Docs. 258, 259). To the extent Defendant now asks that the Court reconsider its ruling as to those exhibits, that request is denied. Defendant's assertion that the recordings are inadmissible because Defendant is charged with possession of a firearm *to further a drug-trafficking crime*, and not *to threaten FV*, that argument is unpersuasive. The Government does not seek to introduce the recordings to prove the *in furtherance* element of the charge, but to show *possession*, an element that Defendant has put directly at issue. *See* Doc. 249, at 5-6.

    3.    <u>Rule 403.</u>  Defendant also asks for clarification as to Rule 403. In accordance with <u>Caldwell</u> and other precedent, the Court considered Rule 403 in resolving Defendant's Motion in Limine. Indeed, the Court granted Defendant's request to exclude certain evidence, in part, because the danger of unfair prejudice and confusion of the issues outweighs any probative value of that evidence. To the extent Defendant seeks clarification as to proposed evidence that was *not* excluded, the Court determined that the probative value of that evidence is not outweighed by any inherent prejudice. Again, however, the Court ruled only that the evidence is not *per se* excludable, and not that it is *per se* admissible. Because the exact context and content of the anticipated testimony and exhibits are not fully known, counsel may renew his objections

3

to specific testimony/exhibits if warranted at trial. The Court also will provide appropriate limiting instructions if requested.

**IT IS SO ORDERED**.

July 14, 2022

cc (via ECF email notification):
All Counsel of Record

s/Cathy Bissoon
Cathy Bissoon
United States District Judge

3